# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PETER FALKNER and CARLA FALKNER, <br><br> Plaintiffs, <br><br> v. <br><br> OVUM MEDICAL, LLC; INNOVATIVE MEDICINE PARTNERS, LLC; KIRBY PLESSALA; DENEEN PLESSALA; ALICE CRISCI; MEDANSWERS, INC.; OVUM HEALTH, INC.; PLESSALA GYNECOLOGY & FERTILITY, PLLC; AVONA FERTILITY INC.; and INNOMED SEVEN LLC, <br><br> Defendants. | Case No. 1:25-cv-90 <br><br> Removed from the Circuit Court of Mobile County, Alabama 02-CV-2024-900997.00 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1454, Defendants Plessala Gynecology & Fertility, PLLC ("PGF") and InnoMed Seven, LLC ("InnoMed Seven," and, together with PGF, the "Removing Defendants") remove this action from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. The grounds for removal are as follows:

I.        **BACKGROUND**

1. On April 22, 2024, Plaintiffs Peter and Carla Falkners (the "Falkners") filed a complaint in the Circuit Court of Mobile County, Alabama styled *Peter Falkner, et al. v. Ovum Medical, LLC et al.*, Case No. 02-CV-2024-900997 (the "State Court Action"). Attached as Exhibit 1 are copies of all process, pleadings, and orders served upon PGF in the State Court Action, as well as a copy of the state court docket sheet and the entire state court file in the State Court Action. In the initially filed complaint in the State Court Action, the Falkners named as defendants only Ovum Medical, LLC ("Ovum"), Innovative Medicine Partners, LLC ("IMP"), Kirby and Deneen Plessala (the "Plessalas"), and Alice Crisci.

2. On February 3, 2025, the Falkners filed the Second Amended Complaint in the State Court Action, which is included within Exhibit 1 but also attached separately as Exhibit 2. In the Second Amended Complaint, the Falkners named as defendants PGF and InnoMed Seven, which had not previously been named defendants in the State Court Action.

3. The allegations in the Second Amended Complaint arise from a court-approved class action settlement of two, entirely separate actions: *Plessala, et al. v. Falkner, et al.*, Civil Action No. 2022-901579 (Cir. Ct. of Mobile County, Ala.) (the "Plessala Action"); and *Murphy, et al. v. Falkner, et al.*, Civil Action No. CV-2022-901720 (Cir. Ct. of Mobile County, Ala.) (the "Murphy Action"). Both the Plessala

and Murphy Actions arose from egregious breaches of duty and fraud committed by the Falkners in connection with their prior management and ownership of IMP. Among other things, the Falkners raised approximately $10 million of investor moneys ostensibly to fund development of various medical device technologies housed in various entities controlled by IMP, including InnoMed Seven. But rather than use those investor funds for their intended purposes, the Falkners pocketed more than half, paying themselves more than $5 million in salaries and using investor money to fund their extravagant lifestyles.

4. The parties in the Plessala and Murphy Actions resolved their claims in a class action settlement, which received final approval by the Circuit Court of Mobile County, Alabama on January 12, 2024. In that settlement, the Falkners, among other things, relinquished all of their ownership interests in IMP, as well as their ownership of or rights to "any intellectual property of any kind and character, developed, in whole or in part, by the Falkners in the fertility space since IMP's inception." In return, the Falkners received from IMP a potential future right to share in distributions made to the owners of IMP and any of the InnoMed companies controlled by IMP, including InnoMed Seven, in certain limited circumstances. Called the "Earnout Right," the Falkners were entitled to a percentage of any net proceeds distributed to members of IMP or the InnoMeds from certain triggering events defined in the settlement agreement, up to a specifically defined cap. But

importantly, the Earnout Right only kicked in if a "Floor" had first been met, which was defined as "repayment of all capital amounts invested or contributed by any investor, member, or owner of IMP and/or the InnoMeds . . . plus an additional return of 10% annually." *See* Stipulation of Settlement of Plessala and Murphy Actions ¶ 3 (attached as Exhibit 3).

5. In the Second Amended Complaint, the Falkners allege that IMP is attempting to evade the Earnout Right by allowing other entities, including PGF and Ovum, to practice a particular patent held by InnoMed Seven without compensation to InnoMed Seven or IMP. While all Defendants dispute the Falkners' allegations, according to the Second Amended Complaint, "[u]pon information and belief," various defendants "have been using and are using the InnoMed Seven patents and possibly others owned by IMP and/or the InnoMeds, to make money without fair compensation to IMP. Second Am. Compl. (Ex. 2) ¶ 18. Based on this allegation, the Falkners assert claims for breach of contract and tortious interference with contract.

6. PGF was served with the Second Amended Complaint on February 7, 2025. On information and belief, InnoMed Seven has not yet been served with the Second Amended Complaint.

## II. GROUNDS FOR REMOVAL

### A. Removal is proper because this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the Falkners' claims.

7. Pursuant to U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

8. This action may be removed under 28 U.S.C. § 1441(a) because this Court would have original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the Falkners' claims.

9. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. 28 U.S.C. § 1338(a) states that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents."

11. In addition, this action may also be removed under 28 U.S.C. § 1454(a), which provides that "[a] civil action in which a party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending."

5

12. An action "aris[es] under" federal law in two ways: (1) where "'federal law creates the cause of action asserted,'" and (2) "in a 'special and small category of cases' in which arising under jurisdiction still lies." *Vermont v. MPHJ Tech Investments, LLC*, 803 F.3d 635, 645 (Fed. Cir. 2015) (quoting *Gunn v. Milton*, 568 U.S. 251, 256–59 (2013)). The claims in the State Court Action, although brought under state law, "arise under" federal law under 28 U.S.C. §§ 1331 & 1338(a).

13. A state law claim "arises under" federal law pursuant to 28 U.S.C. §§ 1331 and 1338(a) if "the federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 256–59. All four factors of "arising under" jurisdiction are met here.

14. First, the state law claims at issue in the State Court Action "necessarily raise" a federal issue because the Falkners' claims turn on, among other things, whether PGF, Ovum, and other Defendants are engaging in conduct that infringes one or more patents held by InnoMed Seven. The Falkners' theory of liability is that IMP is avoiding the Falkners' Earnout Right by allowing third parties to practice the InnoMed Seven patents without compensation to InnoMed Seven or IMP. To resolve that allegation necessarily requires, among other things, resolution of whether the InnoMed Seven patents are being practiced and/or infringed upon. Thus, the Falkners' claims necessarily raise federal issues. *Alexsam, Inc. v. Wildcard Sys., Inc.*,

2015 WL 13688558, at *7 (S.D. Fla. Nov. 20, 2015) ("[A] breach of contract claim raises a federal question of patent law when the court is required to determine whether the accused products infringe."); *see also U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) (claim "required a determination of whether [the defendant's product] infringed the patents, and patent law was a necessary element of [Plaintiff's] breach of contract claim"); *Jang v. Boston Scientific Corp.*, 767 F.3d 1334 (Fed. Cir. 2014) (breach of contract claim arose under federal law where resolution of the contract claim itself required resolution of underling issues of infringement).

15. Second, the federal patent law issue is actually disputed. Removing Defendants dispute the alleged scope of the InnoMed Seven patent at issue in the Second Amended Complaint. Second Am. Compl. ¶ 17. Removing Defendants likewise dispute that they or any other Defendant have infringed upon any patent held by InnoMed Seven, IMP, or any other IMP affiliate. *Inspired Development Group, LLC v. Inspired Products Group, LLC*, 938 F.3d 1355, 1363 (Fed. Cir. 2019) (showing that an issue of patent law is disputed if one party asserts that an act falls within a patent while the other party denies it).

16. Third, the dispute over the precise meaning of IMP's patents is a substantial issue. The "substantiality inquiry … looks … to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. In *Gunn*, the court

7

considered whether the case was "substantial" by analyzing whether the case was "backward looking," "merely hypothetical," and not likely to "change the real-world result of the prior federal patent litigation." *Id.* at 261. The Court in *Gunn* concluded the state-law claims did not meet the substantiality requirement because the legal-malpractice claim entailed a "merely hypothetical," backward-looking review of a lawyer's conduct related to an invalid patent. As the Federal Circuit has observed, "the Court's decision in *Gunn* could be read to imply that whether the patent question at issue is substantial depends on whether the patent is 'live' such that the resolution of any question of patent law is not 'merely hypothetical.'" *Xitronix Corp. v. KLA-Tencor Corp.*, 757 F. App'x 1008, 1010 (Fed. Cir. 2019) (citing *Gunn*, 568 U.S. at 261).

17.  Here, the patent at issue is "live" and resolution of the Falkners' claims implicates substantial issues, not just a "mere[] hypothetical." For the Falkners to prevail on their claims, the Court must determine the scope of a valid and unexpired patent and whether procedures allegedly being conducted by various parties infringe upon or otherwise violate that patent. The Court's determination of the patent issues implicated by this case are substantial and may impact behavior of parties to this action and non-parties alike going forward. *See Alexsam*, 2015 WL 13688558, at *7. *Compare Gunn*, 568 U.S. at 261 (analyzing a "merely hypothetical" and backwards looking patent issue), *and Dell Technologies Inc. v. TiVo Corporation*, 392 F. Supp.

8

3d 704, 718–19 (W.D. Tex. 2019) (finding that a breach of contract case involving a patent was not substantial because the patents at issue were expired), *with USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 279–80 (5th Cir. 2011) (analyzing two cases where federal courts found a case to be substantial when a court needed to define the scope of a patent) *and Jang*, 767 F.3d at 1336–37 (recognizing that there was federal jurisdiction over a contract claim when the claim depended on the court determining that an action infringed or fell within an active patent).

18. Finally, finding exclusive federal jurisdiction in this case does not harm the existing federal-state balance because properly asserting federal jurisdiction will not remove a category of cases that are traditionally brought in state court to federal court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996) (explaining that federal patent law governs the definition and scope of a patent).

19. Accordingly, this Court has federal jurisdiction over the claims asserted in the State Court Action under 28 U.S.C. §§ 1331 and 1338(a). This case is properly removable under 28 U.S.C. §§ 1441 and 1454.

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

20. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed State Court Action was filed in the Circuit Court of Mobile County, Alabama, a court within the Southern District of Alabama, Southern Division. 28 U.S.C. § 81(c)(2).

21. Removal is timely under 28 U.S.C. § 1446(b)(1) because fewer than 30 days have elapsed since PGF was served with the Second Amended Complaint in the State Court Action on February 7, 2025, and, on information and belief, InnoMed Seven has not yet been served with the Second Amended Complaint in the State Court Action. The last-served defendant rule applies here. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008). This rule "permits each defendant, upon formal service of process, thirty days to file a notice of removal." *Id.* at 1209.

22. In accordance with 28 U.S.C. § 1446(a), Removing Defendants attach a true and correct copy of the docket sheet in the State Court Action and all pleadings, processes, and orders filed in the State Court Action, *see* Exhibit 1. Removing Defendants have not filed an answer or otherwise responded to the Second Amended Complaint in the Circuit Court of Mobile County, Alabama before removal.

23. All defendants have consented to removal. *Bailey*, 536 F.3d at 1207 (describing the unanimity rule).

24. In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly provide written notice of the filing of this Notice of Removal to the Falkners' counsel and counsel for all other parties and will file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Circuit

Court of Mobile County, Alabama where the State Court Action is currently pending. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit 4.

25. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## IV. NON-WAIVER OF DEFENSES

26. By removing this action, Removing Defendants do not admit any of the allegations contained in the Second Amended Complaint. Nor do Removing Defendants waive any rights or defenses available to them in this action. Removing Defendants also reserve the right to amend or supplement this Notice of Removal.

## V. CONCLUSION

27. Removing Defendants respectfully request that this Court assume full jurisdiction over this action as if the Falkners had originally commenced it with this Court and for such other relief as deemed necessary by this Court.

Date: March 5, 2025

Respectfully submitted,

By: */s/ Zachary A. Madonia*
Zachary A. Madonia
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Tel.: (205) 521-8013
zmadonia@bradley.com

Brian P. McCarthy
McDowell Knight Roedder & Sledge LLC
11 North Water Street, Suite 13290
Mobile, AL 36602
Tel.: (251) 431-8806
bmccarthy@mcdowellknight.com

*Attorneys for Defendants Plessala Gynecology & Fertility, PLLC, InnoMed Seven LLC, Innovative Medicine Partners, LLC, Kirby Plessala, and Deneen Plessala*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on March 5, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused a true and correct copy to be served on the following counsel of record by electronic mail and certified mail:

Thomas H. Benton
Benton Law Firm, LLC
169 Dauphin Street, Suite 300
Mobile, AL 36602
Tel.: (251) 604-1123
tom@benton-law.com

*Attorney for Plaintiffs Peter Falkner and Carla Falkner*

Allen E. Graham
Phelps Dunbar LLP
101 Dauphin Street, Suite 1000 Mobile, Alabama 36602
Post Office Box 2727
Mobile, Alabama 36652

*Attorney for Defendants Ovum Medical, LLC,*
*Alice Crisci, MedAnswers, Inc., and Ovum Health, Inc.*

In addition the undersigned also caused a true and correct copy of the foregoing to be mailed to the registered agent for Avona Fertility, Inc. at the following address:

Avona Fertility, Inc.
C/O A Registered Agent, Inc.
8 The Green, Ste A
Dover, DE 19901

/s/ *Zachary A. Madonia*
Zachary A. Madonia