# **EXHIBIT 3**



AlaFile E-Notice

02-CV-2022-901720.00

Judge: MICHAEL A YOUNGPETER

To: MADONIA ZACHARY ALLEN
zmadonia@bradley.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

BENJAMIN MURPHY ET AL V. PETER FALKNER ET AL
02-CV-2022-901720.00

The following matter was FILED on 11/8/2023 3:58:06 PM

**D001 FALKNER PETER**
**D002 FALKNER CARLA**
JOINT STIPULATION OF SETTLEMENT

[Filer: WRIGHT MICKEY BRYAN]

Notice Date:    11/8/2023 3:58:06 PM

SHARLA KNOX
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
11/8/2023 3:58 PM
02-CV-2022-901720.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

**STATE OF ALABAMA**    Revised 3/5/08    Cas

Unified Judicial System

02-MOBILE    ☐ District Court    ☑ Circuit Court    CV2

| | |
|---|---|
| BENJAMIN MURPHY ET AL V. PETER FALKNER ET AL | **CIVIL MOTION COVER SHEET** |
| | *Name of Filing Party:* D001 - FALKNER PETER<br>D002 - FALKNER CARLA |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

MICKEY BRIAN WRIGHT

880 MONTCLAIR ROAD, STE 100

BIRMINGHAM, AL 35213

*Attorney Bar No.:* WRI048

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $  0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Joint Stipulation of Settlement |
| | pursuant to Rule  n/a    (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:<br>11/8/2023 3:57:26 PM | Signature of Attorney or Party<br>/s/ MICKEY BRIAN WRIGHT |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
11/8/2023 3:58 PM
02-CV-2022-901720.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
SHARLA KNOX, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **KIRBY PLESSALA, and**<br>**DENEEN PLESSALA, individually and**<br>**derivatively on behalf of INNOVATIVE**<br>**MEDICINE PARTNERS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**SYNERGY MANAGEMENT & CO.,**<br>**LLC, and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>**Defendants.** | **CIVIL ACTION NO: 2022-901579** |
| **BENJAMIN MURPHY, WILLIAM**<br>**DULL, LINDSAY BLANKENSHIP,**<br>**ALEXANDER BLANKENSHIP, GAIL**<br>**WILSON, LOUIE WILSON, individually**<br>**and derivatively on behalf of INNOMED**<br>**ONE, LLC, and INNOMED FIVE, LLC,**<br><br>     **Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>     **Defendants.** | **CIVIL ACTION NO: CV-2022-901720** |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") dated as of November 8, 2023, with all

terms as defined below, is made and entered into by and among the following (collectively, the

"Parties") to resolve the above captioned actions: (i) Plaintiffs Kirby Plessala and Deneen Plessala,

individually and derivatively on behalf of Innovative Medicine Partners, LLC ("IMP"); (ii)

4546025_1

Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson, and Louie Wilson, individually and derivatively on behalf of InnoMed One, LLC and InnoMed Five, LLC and as class representatives on behalf of all Settlement Class Members , by and through their counsel of record; (iii) Defendants Peter Falkner, Carla Falkner, Synergy Management & Co. LLC, and Innovative Medicine Partners, LLC, by and through their counsel of record; and (iv) Scottsdale Indemnity Company.  Upon approval by the Court, the above-captioned actions shall be settled on all of the terms and conditions set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties as follows:

**DEFINITIONS**

As used in this Stipulation, the following terms have the meanings specified below:

**"Claims or Causes of Action"** means any and all claims or causes of action (including any causes of action in law, claims in equity, complaints, suits, petitions, and regulatory investigations or examinations); and any allegations of wrongdoing (including any assertions of liability, debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, wantonness, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment); and any demands for legal, equitable, or administrative relief (including any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest, or expenses) that have been, may have been, or could have been asserted in the Litigation by the Plaintiffs against the Released Parties arising out of or relating to the conduct alleged in the Pleadings and/or arising out of or relating to the management of IMP or the InnoMeds or the selling of securities in the IMP or the InnoMeds, regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they were alleged, or are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, at the time of this settlement.

**"Class II Members"** means all investors in InnoMed One, LLC or InnoMed Five, LLC who provided funds to the InnoMeds in exchange for Class II units in InnoMed One, LLC or InnoMed Five, LLC.

**"Class III Members"** mean all investors in, or individuals who provided uncompensated services for, InnoMed One, LLC or InnoMed Five, LLC who received Class III units in InnoMed One, LLC or InnoMed Five, LLC.

"**Court**" means the Circuit Court of Mobile County, Alabama.

**"D&O Carrier"** means Scottsdale Indemnity Company, the insurer funding the limited fund settlement.

**"Derivative Claim Plaintiffs"** means Kirby and Deneen Plessala, derivatively on behalf of IMP, and Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blakenship, Gail Wilson, and Louie Wilson, derivatively on behalf of InnoMed One, LLC and InnoMed Five, LLC.

**"Existing Intellectual Property"** means proprietary intellectual property of IMP and/or the InnoMeds existing as of the date of this Stipulation.

**"Falkner Defendants**" means, collectively, Peter Falkner, Carla Falkner, and Synergy Management & Co., LLC.

**"Falkner Defendants' Counsel"** means Lloyd, Gray, Whitehead & Monroe, P.C. and Benton Law, LLC for the claims asserted in the Plessala Complaint and the Investor Complaint against Peter Falkner, Carla Falkner and Synergy Management & Co. LLC.

"**Final Settlement Date**" means four (4) days after the date on which the Judgment approving this Settlement becomes final.  For purposes of this Settlement, the Judgment shall become final: (a) if no appeal is taken from the Judgment, on the date on which the time to appeal therefrom has expired pursuant to Alabama Rule of Appellate Procedure 4; or (b) if any appeal is taken from the Judgment, on the date on which all appeals therefrom, including applications for rehearing pursuant to Alabama Rule of Appellate Procedure 40 and petitions for certiorari pursuant to Alabama Rule of Appellate Procedure 39 or any other form of appellate review, have been fully and finally disposed of in a manner that affirms all of the material provisions of the Judgment "

"**IMP**" means Innovative Medicine Partners, LLC, an Alabama limited liability company, and its current and former members, directors, officers, employees, representatives, attorneys, and agents.

**"InnoMed Member Representatives"** means Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson, and Louie Wilson.

**"InnoMeds"** means the following Alabama limited liability companies and their current and former directors, officers, employees, representatives, attorneys, and agents: InnoMed One, LLC; InnoMed Five, LLC; InnoMed Seven, LLC and InnoMed Eight, LLC.

"**InnoMeds Seven and Eight**" means the following Alabama limited liability companies and their current and former directors, officers, employees, representatives, attorneys, and agents: InnoMed Seven, LLC; and InnoMed Eight, LLC.

"**Investor Complaint**" means the Verified Complaint filed in the Litigation on September 29, 2022 and the First Amended and Restated Verified Shareholder Derivative Complaint and Class Action Complaint filed in the Litigation on November 8, 2023 by Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson, individually and derivatively on behalf of InnoMed One, LLC, and InnoMed Five, LLC, and on behalf of all Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC.

"**Investor Plaintiffs**" means Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson, individually and on behalf of all Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC.

"**Investor Plaintiffs' Counsel**" means Chilivis Grubman, LLP for the claims asserted in the Investor Complaint.

"**Judgment**" means the final order and judgment to be rendered by the Court in the form attached hereto as Exhibit B.

"**Litigation**" means the civil actions styled *Kirby Plessala, et al. v. Peter Falkner, et al.*, Civil Action No. 2022-901579, and *Benjamin Murphy, et al. v. Peter Falkner, et al.*, Civil Action No. 2022-901720, both currently pending in the Circuit Court of Mobile County, Alabama, which were consolidated on May 3, 2023, into Civil Action No. 2022-90157.

"**Members of the InnoMeds**" means all persons, including individuals and entities, who were Class II or Class III Members of record in the InnoMeds as of the date of the execution of this Stipulation. In the event that a Member of the InnoMeds has died, or expressly designated anyone having any interest of any nature in the InnoMeds, "Members of the InnoMeds" shall also mean beneficiaries and anyone having any specifically designated interest of any nature in the InnoMeds.

"**Notice Period**" means the period set forth in the Preliminary Approval Order during which any Member of the Settlement Class may object to this settlement.

"**Plaintiffs**" means, collectively, the Derivative Claim Plaintiffs, the Plessala Plaintiffs, and the Investor Plaintiffs.

"**Pleadings**" refers collectively to the September 8, 2022, Verified Complaint filed by Kirby Plessala and Deneen Plessala, the September 29, 2022, Verified Complaint filed by and Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson, and Louie Wilson, and the First Amended and Restated Verified Shareholder Derivative Complaint and Class Action Complaint filed on

November 8, 2023 unless the context of the reference clearly indicates an intent to reference only one document, such as use of the phrase "Original Complaint."

**"Plessala Complaint"** means the Verified Complaint filed in the Litigation on September 8, 2022, by Plessala Plaintiffs Kirby Plessala and Deneen Plessala, individually and derivatively on behalf of IMP.

**"Plessala Plaintiffs"** means Kirby Plessala and Deneen Plessala.

**"Plessala Plaintiffs' Counsel"** means Bradley Arant Boult Cummings, LLC for the claims asserted in the Plessala Complaint.

"**Preliminary Approval Order**" means the order from the Court, providing for preliminary approval of the Settlement and notice to the Class II and III Members in the InnoMeds, in the form, and the terms, attached hereto as Exhibit C.

"**Released Conduct**" means each and every act, omission, representation, or other statement or conduct by any or all Defendants, or any other Released Parties in connection with and/or relating to management decisions and management conduct of IMP and/or the InnoMeds; selling securities in the IMP or the InnoMeds; raising capital for IMP or the InnoMeds; or filing, registering, or maintaining intellectual property on behalf of IMP or the InnoMeds on or before the Final Settlement Date.

"**Released Party**" or "**Released Parties**" refers to Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, and Innovative Medicine Partners, LLC, as defined herein, and any other past, present, or future Directors and Officers of Synergy Management & Co., LLC, Innovative Medicine Partners, LLC and the InnoMeds, including Kirby Plessala and Deneen Plessala, and the Investor Plaintiffs.

Notwithstanding any other provision of or definition in this agreement, the term "Released Party" shall not include Crow Shields Bailey, PC; Intellectual Property Consulting, LLC; or any of their current or former employees, partners, contractors, members, officers or agents.

"**Settlement**" means the settlement and related terms between the Parties as set forth in this Stipulation.

**"Settlement Class"** means all persons who have Class II or Class III interests in the InnoMeds or who held InnoMed loans at any point in time.

"**Settlement Notice**" means the notice of this Settlement to the Class II or Class III members of the InnoMeds with the terms attached as Exhibit A.

"**Unknown Claims**" means all Claims or Causes of Action of every nature and description that could have been asserted in the Litigation by the Plaintiffs against the Released Parties by the Plaintiffs or the Class II or Class III Members of the InnoMeds that may or could exist, whether known or unknown, in his, her, or its favor at the time of the release of the Released Parties described below, which, if known by him, her,

or it, might have affected his, her, or its settlement with and/or release of the Released Parties, or might have affected his, her, or its decision not to object to this Settlement. With respect to any and all Unknown Claims against the Released Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs and each of the Class II or Class III Members of the InnoMeds shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

**THE LITIGATION**

The Litigation originally was comprised of two separate lawsuits filed in The Circuit Court of Mobile County, Alabama, in September 2022. The first lawsuit (the Plessala Complaint) was filed on September 8, 2022, by Plaintiffs Kirby Plessala and Deneen Plessala, individually and derivatively on behalf of Innovative Medicine Partners, LLC. The second lawsuit (the Investor Lawsuit) was filed on September 29, 2022, by Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson, individually and derivatively on behalf of InnoMed One, LLC, and InnoMed Five, LLC.

The two Lawsuits were consolidated on May 3, 2023, into the first filed action, Civil Action No. 2022-901579. A First and Restated Verified Shareholder and Derivative Complaint and Class Action Complaint was filed on November 8, 2023, asserting class action allegations on behalf of all Class II and Class III Members of the InnoMeds.

The Litigation is currently pending before the Circuit Court of Mobile County, Alabama. The Investor Plaintiffs seek to represent all persons or entities who are Members or investors of InnoMed One, LLC or InnoMed Five, LLC who allege to have been injured by the actions and management decisions alleged in the Pleadings.

The Pleadings allege that from at least 2016 to the present, the Falkners engaged in improper conduct in connection with IMP and the InnoMeds. As set forth in more detail in the Plessala Complaint, the Plessalas have asserted individual claims against the Falkner Defendants for fraud in the inducement in allegedly inducing the Plessalas to go into business with them in the first place. The Plessalas have also asserted derivative claims on behalf of IMP against the Falkner Defendants for breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, and conversion, based on the Falkner Defendants alleged misuse of investor funds and mismanagement of IMP and the InnoMeds. As set forth in more detail in the Investor Complaint, the Investor Plaintiffs similarly assert claims for fraud in the inducement, intentional and reckless misrepresentation and suppression, and civil conspiracy, individually and on behalf of the putative Settlement Class, based on the Falkner Defendants' alleged false or misleading statements in connection with the sale of membership interests in the InnoMeds. In addition, the Investor Plaintiffs assert claims for breach of contract, breach of fiduciary duty, waste of corporate assets, breach of the duty of good faith and fair dealing, conversion, and unjust enrichment against the Falkner Defendants, based on the Falkner Defendants alleged mismanagement of IMP and the InnoMeds and misuse of investor funds. The Falkner Defendants deny liability for all claims asserted.

The parties to the Litigation have engaged in arms-length negotiations before respected mediator Bruce Rogers, culminating in this Settlement. In addition to an all-day in-person mediation on March 3, 2023, the Parties also continued to mediate telephonically with Mr. Rogers on multiple occasions in the weeks thereafter, culminating in agreement on a term sheet embodying the material terms of a settlement, subject to further agreement of all terms of the Settlement in this Stipulation.

## INVESTOR PLAINTIFFS' CLAIMS AND ASSESSMENT OF THE LITIGATION

Investor Plaintiffs' Counsel have conducted extensive informal discovery and investigation during the development and prosecution of the Litigation and have reviewed thousands of pages of documents. This discovery and investigation has included, inter alia, (i) inspection of voluminous information and/or documents produced by, or otherwise relating to, the Defendants' management of IMP and the InnoMeds; (ii) research of the applicable law with respect to the claims asserted against the Defendants in the Pleadings and the available defenses thereto, (iii) informal settlement discussions; and (iv) a formal mediation.  Plaintiffs' Counsel believes that the claims asserted in the Litigation have merit. However, Plaintiffs' Counsel recognize and acknowledge that the outcome of the Litigation is uncertain, and the expense and duration of continued legal proceedings necessary to prosecute the Litigation through trial and appeals could potentially result in damage to the Class II and Class III Members in the InnoMeds, and to the entities themselves resulting from protracted litigation, the distraction of the company's management team, and damage to the corporate image of the InnoMeds and IMP.

Based upon extensive analysis of the facts and the law applicable to the Plaintiffs' claims against the Defendants in the Litigation, and taking into account the burdens and expense of such Litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective, and assured method of resolving the individual claims, the Class claims, and the derivative claims against the Defendants, and the Defendants' lack of financial resources, the Plaintiffs and Plaintiffs' Counsel have concluded that this Settlement provides substantial benefits to the Plaintiffs, to IMP, and the InnoMeds, and is fair, reasonable, adequate, and in the best interests of all involved.

The Parties have agreed to settle the Litigation by creating a Settlement Class pursuant to ALABAMA RULE OF CIVIL PROCEDURE 23(b)(1)(B) because the InnoMeds, IMP, and the Falkners

have no significant funds available. Instead, the only substantial assets available to resolve the claims at issue will be provided, as a single sum, by the D&O Insurance Carrier. Accordingly, the Settlement Class seeks certification, for settlement purposes only, under the "limited fund" theory pursuant to Rule 23(b)(1)(B).

**THE PLESSALAS' CLAIMS AND ASSESSMENT OF THE LITIGATION**

The Plessala Plaintiffs maintain that all of their claims against the Falkner Defendants have merit and that the Plessalas would ultimately prevail should they litigate those claims to conclusion. However, the Plessala Plaintiffs also recognize that a number of factors counsel in favor of settling their claims against the Falkner Defendants and of the Settlement as a whole.

First, the Plessala Plaintiffs recognize that the process of obtaining a judgment in litigation, and then subsequently litigating any appeals of that judgment, would be both costly and time consuming, and could take years to fully resolve. In its own right, avoiding such expense and time associated with litigating would be a basis to settle the Plessala Plaintiffs' claims on the terms provided in this Settlement. But those factors are particularly important here, given that IMP and InnoMeds One, Five, Seven, and Eight need additional financing to continue to operate, but cannot raise additional financing as long as Defendant Peter Falkner remains IMP's managing member. Indeed, since 2022, the Plessala Plaintiffs have infused hundreds of thousands of dollars into IMP and InnoMeds One, Five, Seven, and Eight to pay ongoing expenses, including expenses associated with maintaining, applying for, or otherwise securing various patents and other intellectual property. Were the Plessala Plaintiffs to continue to litigate, they not only would incur significant additional legal expenses, but the companies would continue to incur significant additional ongoing expenses with no practical ability to raise additional financing to pay them.

Second, although the Plessala Plaintiffs believe they ultimately would prevail on their claims, they also recognize the possibility that they would be unable to collect on any judgment they ultimately obtain, whether individually or derivatively on behalf of IMP. In particular, during the course of mediation and subsequent settlement negotiations, the Falkner Defendants made sworn representations indicating that they do not have sufficient assets to satisfy a judgment for even a fraction of the amount being sought against them.

Third, and by contrast to the foregoing point, as part of this Settlement, the D&O Carrier has agreed to pay $600,000 into IMP for the benefit of IMP and InnoMeds One, Five, Seven, and Eight. IMP has agreed to purchase the Falkner Defendants' membership interests in IMP, which will give IMP flexibility to raise additional capital.

For these reasons, and more generally, taking into account the burdens and expense of such Litigation, including the risks and uncertainties associated with protracted trials and appeals, as well as the fair, cost-effective, and assured method of resolving the individual claims, the derivative claims against the Falkner Defendants, and the Falkner Defendants' lack of financial resources, the Plessala Plaintiffs have concluded that this Settlement provides substantial benefits to IMP and the InnoMeds, and is fair, reasonable, and adequate.

**FALKNER DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY**

The Falkner Defendants deny each and every claim and contention alleged against them in the Litigation and believe the claims asserted in the Pleadings are without merit and that the Falkner Defendants ultimately would prevail should they litigate those claims to conclusion. The Falkner Defendants assert that at all relevant times, they acted in good faith, exercised sound business judgment, and conducted business for IMP and the InnoMeds in the best interests of IMP and the InnoMeds and to the benefit of those entities and the Investor Plaintiffs. The Falkners

contend that in response to the allegations in the Plessala and Investor complaints that the monies the Falkners were paid were pursuant to valid and binding agreements signed by the Plessalas. The Falkners contend that the Investors were fully apprised in writing, via documentation they executed, of the nature of the investments and that no return on investments were guaranteed.

Falkner Defendants' Counsel also have conducted extensive informal discovery and investigation during the development and prosecution of the Litigation and have reviewed thousands of pages of documents. That has included (i) inspection of voluminous information and/or documents produced by, or otherwise relating to, the Defendants' management of IMP and the InnoMeds, the involvement of Plessala Plaintiffs and certain Investor Plaintiffs in the management of IMP and the InnoMeds and efforts to raise capital, and the disclosures made to Investor Plaintiffs; (ii) research of the applicable law with respect to the claims asserted against the Defendants in the Pleadings and the available defenses thereto, (iii) informal settlement discussions; and (iv) a formal mediation.

The Falkner Defendants also have concluded however, that the Litigation will be protracted and expensive and that it is desirable that the claims against them in the Litigation be fully and finally resolved in the manner and upon the terms and conditions set forth in this Stipulation. This Settlement will eliminate further expense, inconvenience, and distractions, and will dispose of burdensome and protracted litigation and permit the continued operation of the business of IMP and the InnoMeds without the distraction of the executive personnel of IMP and the InnoMeds with respect to matters at issue in the Litigation.  The Falkner Defendants have therefore determined that it is desirable and beneficial to them that the claims in the Litigation be resolved in the manner and upon the terms and conditions set forth in this Settlement.

**CONSIDERATION FOR SETTLEMENT**

The parties hereby stipulate that under the conditions set out herein, and upon the Court's approval of all aspects of this Stipulation and entry of the proposed Order attached hereto, that as consideration for this Settlement, the Parties agree to the following:

1) D&O Carrier shall make payment of $600,000.00 to IMP within 14 days of the Final Settlement Date;

2) IMP will purchase the 25% interest of Carla Falkner and the 25% interest of Peter Falkner in IMP for $300,000.00 in total at the same time as the D&O Carrier making the $600,000 payment to IMP referred to in the prior paragraph, and Peter Falkner and Carla Falkner (hereinafter, the "Falkners") will execute membership interest transfer agreements and any other documents needed to effectuate the transfer of the purchased membership interests to IMP;

3) In addition to the cash payment described in paragraph 2, and as further consideration for the relinquishment of their membership interests in IMP, the Falkners will have an "Earnout Right" defined as follows:

   a. Subject to the Floor defined in paragraph 3(b) and the Cap defined in this paragraph below, the Earnout Right shall be triggered, if at all, by the occurrence of any of the following three events (each a "Triggering Event"): (1) change of control of IMP or the InnoMeds (or any successor(s)), (2) the sale of any of the Existing Intellectual Property, or (3) the payment by IMP or the InnoMeds (or any successor(s)) of a distribution of cash, other than distributions made for tax purposes, from the commercialization of Existing Intellectual Property to investors/members/owners. If a Triggering Event occurs, IMP will pay

12

the Falkners, collectively, in an amount capped at $5,000,000 in the aggregate across any payments made at any point in time to the Falkners pursuant to this Earnout Right (the "Cap"), 15% of any net proceeds distributed to members of IMP or the InnoMeds from such Triggering Event(s), after the Floor has been met.

b.  The Floor is defined as repayment of all capital amounts invested or contributed by any investor, member, or owner of IMP and/or the InnoMeds (or any successor(s) thereof), plus an additional return of 10% annually.

c.  Notwithstanding the Earnout Right, the Falkners shall have no rights of any kind to compel IMP or the InnoMeds to take any action whatsoever, including (without limitation) to cause a Triggering Event to occur, to sell IMP or the InnoMeds, to sell the Existing Intellectual Property, to otherwise commercialize the Existing Intellectual Property, or to make any distributions to members of IMP or the InnoMeds.

4)  Peter Falkner has already provisionally resigned as manager of IMP and the Falkners will permanently relinquish all control of IMP or the InnoMeds, including submission of letters of resignation as officers and managers or as holders of any other position with IMP, and the extinguishment of any authorized signatory rights for IMP;

5)  The Falkners will take all necessary steps to complete assignment to IMP or the InnoMeds and to transfer ownership to IMP or the InnoMeds, (a) any patents issued or applied for related in any way to IMP or the InnoMeds or (b) any

13

intellectual property of any kind and character in the fertility space, developed, in whole or part, by the Falkners since IMP's inception, completely relinquishing any and all rights of any kind and character thereto;

6) At the same time the D&O Carrier makes the payment of $600,000 specified in paragraph 1 above, IMP will cause $50,000.00 to be paid in satisfaction of the outstanding retention under the D&O policy affording a defense to the Falkners;

7) The Falkners agree to take all necessary steps to identify and/or terminate and/or make null or void any affiliated party transactions, including any prior agreements, loans or promissory notes, with no further obligations owed by IMP or the InnoMeds, any contracts between themselves, or any entity they control, including Synergy Management & Co., LLC, for payments owed by IMP or the InnoMeds, for consulting service contracts or research and development contracts, including the Consulting Services Contracts entered into between Synergy and InnoMeds One and Five in 2020 and the Research and Development Contracts entered into between Peter Falkner and InnoMeds One and Five in 2020. Between the filing of this Stipulation of Settlement and a Final Settlement Date as contemplated herein, the Falkners agree not to attempt to bind IMP or the InnoMeds or to engage in any activities by which either of them could be construed to have apparent authority for IMP or the InnoMeds;

8) For a period of 2 years, the Falkners agree not to compete in the fertility space that competes with any of the patents currently owned by IMP or the InnoMeds;

9)  The Falkners will be indemnified by IMP or the InnoMeds (or any successor(s)) for any claims brought by the vendors of IMP or the InnoMeds to collect debts owed by IMP or the InnoMeds. The Falkners will be indemnified by IMP or the InnoMeds (or any successor(s)) in the event the Falkners are sued as a result of any claims or suits initiated by the Plessala Plaintiffs or the Investor Plaintiffs against Crow Shields Baily, Intellectual Property Consulting, LLC, or any other IMP or InnoMeds vendor. The Falkners are not indemnified for any personal debts owed by them to the vendors.

10) All payments to the Falkners required to be made by IMP or any other party pursuant to this Settlement Agreement shall be made by wire transfer to an escrow account held by the Falkner Defendants' Counsel or otherwise as instructed by the Falkner Defendants' Counsel. All payments required to be made to the Falkners under this Settlement Agreement shall be deemed to have been made in full satisfaction of any payment obligation(s) required by this Settlement Agreement upon completion of the transfer of said payment amount to the escrow account held by the Falkner Defendants' Counsel or as otherwise instructed by the Falkner Defendants' Counsel.

In the event that the Final Settlement Date as contemplated in this Stipulation of Settlement is not achieved, the consideration set forth in paragraphs 1 through 10 will not be made, this stipulation becomes null and void, the Falkners will retain their membership interests in IMP, and all management will revert back to the status prior to this Stipulation of Settlement without the requirement of holding any corporate vote.

4546025_1

## RELEASES

In exchange for the consideration described in paragraphs 1 through 10, and when this Settlement becomes final, the Investor Plaintiffs and the Settlement Class shall be deemed and bound to have fully, finally, and forever released, relinquished, and discharged Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Innovative Medicine Partners, LLC, the InnoMeds, Kirby Plessala, Deneen Plessala and all the other Released Parties from any and all past, present, and future Claims or Causes of Action (including Unknown Claims), as well as any and all other claims or causes of action that are based upon or related to, directly, or indirectly, (a) any of the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (b) the Released Conduct, or (c) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP and the InnoMeds.

Also in exchange for the consideration described in paragraphs 1 through 10, and when this Settlement becomes final, the Derivative Claim Plaintiffs shall be deemed and bound to have fully, finally, and forever released, relinquished, and discharged Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Kirby Plessala, Deneen Plessala and all the other Released Parties from any and all past, present, and future Claims or Causes of Action (including Unknown Claims), as well as any and all other claims or causes of action that are based upon or related to, directly, or indirectly, (a) any of the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (b) the Released Conduct, or (c) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP and the InnoMeds.

Also in exchange for the consideration described in paragraphs 1 through 10, and when this Settlement becomes final, the Plessala Plaintiffs shall be deemed and bound to have fully, finally, and forever released, relinquished, and discharged Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, and all the other Released Parties from any and all past, present, and future Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly, or indirectly, (a) any of the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (b) the Released Conduct, or (c) any management decisions or actions taken by the Falkners individually or on behalf of IMP and the InnoMeds.

Finally, in exchange for the consideration described in paragraphs 1 through 10, and when this Settlement becomes final, Peter Falkner, Carla Falkner, and Synergy Management & Co., LLC shall be deemed and bound to have fully, finally, and forever released, relinquished, and discharged Kirby Plessala, Deneen Plessala, IMP, and the InnoMeds from any and all past, present, and future Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, (a) any of the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (b) the Released Conduct, or (c) any management decisions or actions taken by the Plessalas individually or on behalf of IMP and the InnoMeds.

With respect to any and all Unknown Claims against the Released Parties, when this Settlement becomes Final, the Plaintiffs, the Settlement Class, IMP, the InnoMeds, the Falkner Defendants, Kirby Plessala, and Deneen Plessala shall be deemed and bound to have expressly waived, and by operation of this Settlement and resulting Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the

4546025_1

United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiffs, the Settlement Class, IMP, the InnoMeds, the Falkner Defendants, Kirby Plessala, and Deneen Plessala may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the release described above, but the Plaintiffs, the Settlement Class, IMP, the InnoMeds, the Falkner Defendants, Kirby Plessala, and Deneen Plessala shall expressly, fully, finally, and forever settle and release any and all such Unknown Claims in this release, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

When this Settlement becomes Final, the Plaintiffs, the Settlement Class, IMP, the InnoMeds, Kirby Plessala, and Deneen Plessala will be deemed and bound to have dismissed with prejudice the Defendants from the Litigation.

When this Settlement becomes Final, the Plaintiffs, the Settlement Class, IMP, the InnoMeds, Kirby Plessala, and Deneen Plessala will be deemed and bound to have agreed and covenanted not to file, continue, or pursue any Claim or Cause of Action against Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Innovative Medicine Partners, LLC, or any Released Parties that are based upon or related to, directly or indirectly, in whole or in part to: (a) any of the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation, (b) the Released Conduct or (c) any management decisions or actions taken by the Falkners individually or on behalf of IMP and the InnoMeds. Notwithstanding any other language

18

in this Stipulation, the Plaintiffs, the Settlement Class, IMP, the InnoMeds, Kirby Plessala, and

Deneen Plessala release with this Stipulation all Claims or Causes of Action of any kind against

the Released Parties in their individual capacity and in connection with their status as Members or

investors in IMP and/or the InnoMeds, for the Released Conduct, occurring or accruing before the

execution of this Stipulation.  When this Settlement becomes final, the Plaintiffs, the Settlement

Class, IMP, the InnoMeds, Kirby Plessala, and Deneen Plessala shall be forever barred and

enjoined from commencing, instituting, continuing, or prosecuting any claim or action against

Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Innovative Medicine Partners,

LLC, the InnoMeds, or any of the Released Parties (including Unknown Claims, derivative claims,

class claims, and individual claims) that are based upon or related to, directly or indirectly, in

whole or in part, in any way whatsoever to:  (a) the allegations, facts, subjects, or issues which

were or could have been set forth or raised in the Litigation, (b) the Released Conduct or (c) any

management decisions or actions taken by the Falkners individually or on behalf of IMP and the

InnoMeds.

The Parties expressly acknowledge that the releases, covenants, and other provisions of

this section do not and are not intended to release any claims or causes of action that the Parties

now have or may in the future assert against Crow Shields Bailey, PC; Intellectual Property

Consulting, LLC; or any of their current or former employees, partners, contractors, members,

officers or agents.

Subject to the foregoing provisions, nothing in the Releases shall preclude any filing in the

Litigation seeking to have the Court enforce the terms of this Settlement including, but not limited

to the earn out provision and including participation in any of the processes detailed herein.

**PRELIMINARY APPROVAL ORDER, FAIRNESS HEARING, AND FINAL JUDGMENT**

After execution of this Stipulation, the parties to this Stipulation shall submit the proposed Stipulation to the Court for preliminary approval. The parties will cooperate to obtain preliminary approval from the Court. To obtain preliminary approval, the parties shall jointly apply for entry of the Preliminary Approval Order attached to this Stipulation confirming the following:

(a) Plaintiffs Kirby and Deneen Plessala are adequate derivative representatives of IMP and, for settlement purposes only pursuant to Rule 23.1 of the ALABAMA RULES OF CIVIL PROCEDURE, are authorized to bring derivative claims on behalf of all of the Members of IMP;

(b) Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson, are adequate derivative representatives of InnoMed One, LLC and InnoMed Five, LLC and, for settlement purposes only pursuant to Rule 23.1 of the *Alabama Rules of Civil Procedure*, are authorized to bring derivative claims on behalf of all of the Members of InnoMed One, LLC, and InnoMed Five, LLC;

(c) Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson, are adequate class representatives of the Settlement Class for settlement purposes only under Rules 23(a) and 23(b)(1)(B), Alabama Rules of Civil Procedure;

(d) Lauren Warner should be appointed as Class Counsel; and

(e) A Fairness Hearing will be conducted to determine whether the Court should approve the Stipulation as fair, reasonable, and adequate and in the best interests of the Parties, pursuant to Rules 23.1 and 23(e) of the ALABAMA RULES OF CIVIL PROCEDURE, and in the best interests of The Class.

If the Court enters the Preliminary Approval Order, Class Counsel will cause each Member of The Class to be mailed by United States mail the Notice of Derivative and Shareholder Class

Settlement that has been approved by the Court. The Notice shall describe the Settlement, set forth the date of the Settlement Hearing, and inform the Class Members of their right to object to the Settlement, and the procedures for objections. The Parties contemplate, absent contrary agreement and court approval, delivery by United States mail (or other traceable delivery) of the Notice to each Member within seven (7) days of the Court's entry of the Preliminary Approval Order. The Class Members will have forty-two (42) days from the final date for dissemination of Class Notice to object to the Settlement.

The Parties will request the Court to hold a Final Approval Hearing seven (7) days after the objection deadline. At the Final Approval Hearing, the Parties will request that the Court enter a Judgment as follows:

(a) dismissing the Defendants with prejudice, each party to bear its own costs (except as provided herein);

(b) releasing and discharging Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Innovative Medicine Partners, LLC, the Plessala Plaintiffs, and all Released Parties from any and all past, present, and future Claims or Causes of Action (including Unknown Claims) by the Plaintiffs, the Settlement Class, IMP, the InnoMeds, Kirby Plessala, and Deneen Plessala that are based upon, or related to, directly or indirectly, in whole or in part, or in any way whatsoever to: (i) the allegations, facts, subjects, or issues set forth or raised or that could have been raised in this Litigation by the Plaintiffs against the Released Parties, or (ii) the Released Conduct;

(c) permanently barring and enjoining all Claims or Causes of Action (including Unknown Claims, derivative claims, class action claims, or individual claims) by the Plaintiffs, the Settlement Class, IMP, the InnoMeds, Kirby Plessala, and Deneen Plessala that are based upon, or related in any way, directly or indirectly, in whole or in part, to (i) the allegations, facts, subjects,

or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, or (ii) the Released Conduct.

## PLAINTIFFS' COUNSEL FEES

Plaintiffs' counsel does not intend to submit an application for attorneys' fees in connection with this Settlement.

## OBJECTIONS

Any Plaintiff or Member of the Settlement Class who intends to object to this Stipulation must file with the Court a signed Notice of Intention to Appear and Object during the Notice period that includes (i) his/her name, personal signature, and address, (ii) all arguments, citations, and evidence supporting the objection, (iii) a statement that he or she is a Plaintiff or a Member of the Settlement Class, and (iv) a statement whether the objector intends to appear at the Settlement Hearing, either with or without counsel, either live or telephonically.  A copy of such Notice of Intention to Appear and Object must also be sent to Class Counsel, Plaintiffs' Counsel, and Defendants' Counsel.  Objections must be received by the Court by the Objection Deadline of January 5, 2024.  No Plaintiff or Member of the Settlement Class will be permitted to object to the Settlement after the deadline for doing so has passed.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

This Stipulation shall be conditioned on the occurrence of all of the following events:

The Court has entered the Preliminary Order that is attached as Exhibit C;

The Notice that is attached as Exhibit A has been provided to all Members of the Settlement Class (regardless of whether all such Members accept delivery of said Notice);

The Settlement Class have had an opportunity to object to the Settlement;

The Court has held a Fairness Hearing and has entered the Judgment in the form of Exhibit B;

Counsel for the Falkner Defendants have not given notice of intent to withdraw from the Settlement;

The Judgment that is attached as Exhibit B has become Final and non-appealable; and

All conditions and obligations of the separate Settlement Agreement and General Release are fulfilled.

If all of the conditions specified above are not met, then this Stipulation shall be canceled and terminated unless the Plaintiffs' Counsel, the Falkner Defendants' Counsel, and the Plessala Plaintiffs' Counsel mutually agree in writing to proceed with this Stipulation.

In the event that this Stipulation is not approved by the Court or is approved subject to conditions and/or modifications not acceptable to all parties, or the Settlement set forth in this Stipulation is terminated or fails to become Final in accordance with its terms, the parties shall be restored to their respective positions in the Litigation before any settlement agreements or the Settlement Term Sheet were reached. In such event, the terms and provisions of this Stipulation and the Settlement Term Sheet shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court pursuant to the terms of this Stipulation shall be treated as vacated, nunc pro tunc.

**DESIGNATION OF DERIVATIVE AND CLASS REPRESENTATIVES**

For purposes of this Settlement only, the Plaintiffs and the Defendants stipulate that Kirby and Deneen Plessala are adequate derivative representatives for IMP and that Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson are adequate derivative representatives for the InnoMeds, which is contingent upon this Settlement

becoming Final.  Further, for purposes of this Settlement only, the Plaintiffs and the Defendants stipulate that Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson are adequate class representatives for the Settlement Class claims asserted, which is contingent upon this Settlement becoming Final. Should the Settlement not become Final or this Stipulation be canceled or terminated, these designations shall be void and this Stipulation will not constitute, be construed as, or be admissible in evidence as, any admission or be used for any purpose whatsoever in this Litigation or any other pending or future action, as to the reasonableness or suitability of the derivative or class representatives for the Members of IMP, the InnoMeds or the Settlement Class, nor shall the Court's designation of the Plaintiffs as derivative or class representatives be deemed to be an adjudication of any fact or issue for any purpose other than the accomplishment of the provisions of this Stipulation.

**NO ADMISSION OF WRONGDOING**

This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

1.     Offered or received against any Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Party of the truth of any fact alleged by the Plaintiffs, the Settlement Class, IMP, the InnoMeds, Kirby Plessala, Deneen Plessala, the Falkner Defendants, or any other persons, or to the validity of any claim that has been or could have been asserted in the Litigation against any Party or the deficiency of any defense that has been or could have been asserted in the Litigation against any Party, or of any liability, negligence, fault, or wrongdoing of any Party;

2.     Offered or received against any Party as evidence of a presumption, concession, admission of any liability, duty, breach of a duty, misrepresentation, or omission with respect to

24

any statement or written document approved or made by any Parties, or against the Plaintiffs as evidence of any infirmity in the claims of the Plaintiffs;

3.     Offered or received against any Party as evidence of a presumption, concession, or admission of any liability, duty, breach of a duty, misrepresentation, or omission in any other civil, criminal, or administrative action or proceeding; and

4.     Construed against the Released Parties or the Plaintiffs, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

**MISCELLANEOUS PROVISIONS**

The Parties acknowledge that it is their intent to consummate this agreement and agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation, each according to the obligations imposed upon him, her, or it by the Stipulation.

Neither the Plaintiffs and their counsel, nor the Defendants and their counsel shall object, or cause or seek to cause any other person to object, to the fairness of the Settlement.

All of the exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all parties or their successors-in-interest, and to the extent such amendment or modification is sought following Preliminary Approval by the Court, this Stipulation may be amended or modified only following an Order by the Court approving such modification.

This Stipulation, the documents referenced herein, and the exhibits attached hereto constitute the entire agreement among the parties and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its exhibits, other than the

representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

Each counsel or other person executing this Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such person has the full authority to do so. The Plaintiffs represent and warrant that they have not assigned any right with respect to any matter encompassed within this Litigation or the Released Conduct, will hold all other parties harmless as a result of any assignment of such right, and they enter into this Settlement without coercion of any kind.

This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

This Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Alabama, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with the laws of the State of Alabama without giving effect to the State's choice of law principles.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 8, 2023.

4546025_1

/s/ *Ben H. Harris, III*
_____
BEN H. HARRIS, III
JOSEPH D. STEADMAN, JR.

JONES WALKER LLP
11 North Water St., Suite 1200
Mobile, Alabama 36602
Telephone: (251) 432-1414
Facsimile: (251) 433-4106
***Attorneys for The Class, Class II and Class III Members of the InnoMeds and InnoMed One, LLC and InnoMed Five, LLC***


/s/ *Lauren A. Warner*
_____
LAUREN A. WARNER
JOSEPH J. SIEGELMAN

CHILIVIS GRUBMAN LLP
1834 Independence Square
Atlanta, Georgia 30338
Telephone: (404) 233-4171
Facsimile: (404) 261-2842
***Attorneys for The Class, Class II and Class III Members of the InnoMeds and InnoMed One, LLC and InnoMed Five, LLC***


*/s/ Mickey B. Wright*
_____
STEPHEN E. WHITEHEAD
MICKEY B. WRIGHT


LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
800 Montclair Road, Suite 100
Birmingham, Alabama 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
***Attorneys for Peter Falkner, Carla Falkner and Synergy Management & Co., LLC***

/s/ *Zachary A. Madonia*
_____
ZACHARY A. MADONIA
J. THOMAS RICHIE

27

BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
***Attorneys for the Plessala Plaintiffs***


/s/  *Brian McCarthy*
_____

BRIAN MCCARTHY

MCDOWELL KNIGHT ROEDDER & SLEDGE
11 North Water Street, 13th Floor
Battle House Tower
Mobile, AL 36602
Telephone: (251) 432-5300
Facsimile: (251) 532-5303
***Attorneys for the Plessala Plaintiffs***

4546025_1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record by efiling with AlaFile on this the 8th day of November, 2023:

*/s/ Mickey B. Wright*
OF COUNSEL

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **KIRBY PLESSALA, and**<br>**DENEEN PLESSALA, individually and**<br>**derivatively on behalf of INNOVATIVE**<br>**MEDICINE PARTNERS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**SYNERGY MANAGEMENT & CO.,**<br>**LLC, and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>**Defendants.** | **CIVIL ACTION NO: 2022-901579** |
| **BENJAMIN MURPHY, WILLIAM**<br>**DULL, LINDSAY BLANKENSHIP,**<br>**ALEXANDER BLANKENSHIP, GAIL**<br>**WILSON, LOUIE WILSON, individually**<br>**and derivatively on behalf of INNOMED**<br>**ONE, LLC, and INNOMED FIVE, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>**Defendants.** | **CIVIL ACTION NO: CV-2022-901720** |

## EXHIBIT A

4546025_1

## NOTICE OF PENDENCY OF PROPOSED SHAREHOLDER DERIVATIVE AND CLASS ACTION SETTLEMENT AND HEARING

TO:   ALL MEMBERS OF INNOVATIVE MEDICINE PARTNERS, LLC ("IMP") AND CLASS II AND CLASS III MEMBERS OF INNOMED ONE, LLC; AND INNOMED FIVE, LLC; FROM JANUARY 1, 2013 THROUGH NOVEMBER 8, 2023.

PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. YOU MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENT. THIS NOTICE IS INTENDED TO CONVEY THE TERMS OF THE BELOW-DEFINED SETTLEMENT. IN THE EVENT OF CONFLICT BETWEEN THE NOTICE AND THE STIPULATION OF SETTLEMENT, THE STIPULATION OF SETTLEMENT SHALL GOVERN.

A shareholder derivative and class action lawsuit (the "Litigation") is pending against Synergy Management & Co., LLC, Innovative Medicine Partners, LLC, Peter Falkner, and Carla Falkner (collectively, "Defendants"). The Plaintiffs allege, among other things, mismanagement of Innovative Medicine Partners, LLC ("IMP") and INNOMED ONE, LLC; INNOMED FIVE, LLC; INNOMED SEVEN, LLC; AND INNOMED EIGHT, LLC ("the InnoMeds") from 2014 to 2023. The Defendants deny all of Plaintiffs' claims. To avoid the time, expense, uncertainty, and distraction of litigation, Plaintiffs and the Defendants have agreed to settle Plaintiffs' derivative and class claims against Defendants in the Litigation (the "Settlement"). The Settlement has been preliminarily approved by the Circuit Court of Mobile County, Alabama (the "Court"). You are part of the "Settlement Class" and may be entitled to relief under and will be bound by this Settlement.

PLEASE TAKE NOTE that a hearing will be held at the Mobile County Courthouse, Courtroom 8200, 205 Government Street, Mobile, Alabama 36644, January 12, 2024 at 9:00 am to determine whether the Court will approve the proposed Settlement. Your rights may be affected, and you may have options to consider, as a result of this settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| OBJECT | Write to the Court about the reasons that you are against the settlement. |
| ATTEND A HEARING | Request that you be allowed to speak in Court about the fairness of the settlement. |

**These rights and options—and the deadlines to exercise them—are explained in this Notice.** This Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in the Litigation or the fairness or adequacy of the proposed Settlement. The proposed Settlement only will take effect if the Court approves the Settlement.

This is not a solicitation from a lawyer or a lawsuit against you. If you do not wish to object to the Settlement, you do not need to take any action.

Further information regarding the Litigation and this Notice may be obtained by contacting Investors' Class Settlement Counsel: LAUREN A. WARNER, CHILIVIS GRUBMAN, LLP, 1834 INDEPENDENCE SQUARE, ATLANTA, GA 30338.

## THE LITIGATION

This Litigation involves two separate lawsuits filed in The Circuit Court of Mobile County, Alabama, in September 2022. The first lawsuit (the "Plessala Complaint") was filed on September 8, 2022, by Plaintiffs Kirby Plessala and Deneen Plessala (the "Plessala Plaintiffs"), individually and derivatively on behalf of Innovative Medicine Partners, LLC. The second lawsuit (the "Investor Complaint") was filed on September 29, 2022, by Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson (the "Investor Plaintiffs"), individually and derivatively on behalf of InnoMed One, LLC, and InnoMed Five, LLC. The lawsuits were consolidated into a single action on May 3, 2023. The Investor Plaintiffs amended the Investor Complaint on November 8, 2023 to include class action claims on behalf of all investors in addition to derivative class claims.

The Litigation is pending before the Circuit Court of Mobile County, Alabama. The Investor Plaintiffs seek to represent a class of individuals and entities comprised of Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC who have invested in InnoMed One, LLC or InnoMed Five, LLC and who allege to have been injured by the actions and decisions alleged in the Pleadings.

The Pleadings allege that, during the relevant period, the Defendants made certain misrepresentations that induced the Plaintiffs to become members in the InnoMeds and then made

decisions and took improper actions in connection with the management of IMP and the InnoMeds. Plaintiffs allege, among other things, claims for breach of fiduciary duty, waste of corporate assets, fraud in the inducement, breach of the duty of good faith and fair dealing, civil conspiracy, intentional and reckless misrepresentation and suppression, conversion breach of contract, and unjust enrichment by the Defendants.

Defendants filed a motion to dismiss the Investor Complaint on December 1, 2022, and assert they are not liable for the claims by the Investor Plaintiffs. Defendants assert, among other defenses, exculpatory clauses in the IMP and InnoMed Operating Agreements; the fraud claims are not actionable because they are based on representations of future performance and are time barred; the intracorporate conspiracy doctrine bars the conspiracy claims, and the Investor Complaint fails to add necessary parties Kirby and Deneen Plessala as co-owners in IMP and the InnoMed companies.

This Settlement resolves all claims by the Plaintiffs and all Class II and Class III Members in InnoMed One, LLC and InnoMed Five, LLC, (as defined below) and all claims by IMP, InnoMed One, LLC, InnoMed Five, LLC, InnoMed Seven, LLC, and InnoMed Eight, LLC against the Defendants.   Counsel for the Class Plaintiffs has conducted informal discovery and investigation during the prosecution of the Litigation, and the parties have participated in a formal mediation and extensive follow-up settlement negotiations.  Based on their investigation, Plaintiffs and counsel for the Class Plaintiffs have concluded that this Settlement provides substantial benefits to IMP, InnoMed One, LLC, InnoMed Five, LLC and all Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC, and is fair, reasonable, adequate, and in the best interests of all involved.

The Court, by Order dated November 10, 2023, has preliminarily approved a Settlement in this Litigation. The Court has preliminarily approved Plaintiffs Kirby Plessala and Deneen Plessala as adequate representatives to resolve derivative claims on behalf of IMP. The Court has preliminarily approved Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson as adequate representatives to resolve derivative claims on behalf of InnoMed One, LLC, and InnoMed Five, LLC, and as adequate representatives to resolve investor claims on behalf the Class against the Defendants.  In the event a Member of IMP or an investor in InnoMed One, LLC, or InnoMed Five, LLC transfers or sells his, her, or its interest after receiving this Notice, the recipient of the interest shall also be defined as a Member of IMP, InnoMeds One and Five, and The Class for purposes of this Settlement.  The Court has also directed that this notice be issued to each Member of IMP, all investors in InnoMed One, LLC and InnoMed Five, LLC, and has set a hearing to determine the fairness as described above.

THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF THE PLAINTIFFS' CLAIMS OR THE DEFENSES THERETO. THIS NOTICE DOES NOT IMPLY THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW OR THAT RECOVERY COULD BE HAD IN ANY AMOUNT IF THE CLAIMS AGAINST THE DEFENDANTS ARE NOT SETTLED.

### TERMS OF THE SETTLEMENT

In full and complete settlement of all claims which have or could have been asserted on behalf of The Class and/or of any Member of IMP or any investor in InnoMeds, including without limitation InnoMed One, LLC and InnoMed Five, LLC or the entities themselves in the Litigation against the Defendants, and subject to the terms and conditions of the Stipulation of Settlement in

4546025_1

this Litigation (the "Stipulation"), the Parties to the Litigation agree to settlement on the terms below, and IMP and the InnoMeds shall adopt policies in further pursuit of good governance, as follows:

1) IMP's D&O Carrier shall make payment of $600,000.00 to IMP within 14 days of the Final Settlement Date;

2) IMP will purchase the 25% interest of Carla Falkner and the 25% interest of Peter Falkner in IMP for $300,000.00 at the same time as the D&O Carrier making the $600,000 payment to IMP referred to in the prior paragraph, and the Falkners will execute membership interest transfer agreements and any other documents needed to effectuate the transfer of the purchased membership interests to IMP;

3) In addition to the cash payment described in paragraph 2, and as further consideration for the relinquishment of their membership interests in IMP, the Falkners will have an "Earnout Right" defined as follows:

   a. Subject to the Floor defined in paragraph 3(b) and the Cap defined in this paragraph below, the Earnout Right shall be triggered, if at all, by the occurrence of any of the following three events (each a "Triggering Event"): (1) change of control of IMP or the InnoMeds (or any successor(s)), (2) the sale of any of the Existing Intellectual Property, or (3) the payment by IMP or the InnoMeds (or any successor(s)) of a distribution of cash, other than distributions for tax purposes, from the commercialization of Existing Intellectual Property to investors/members/owners. If a Triggering Event occurs, IMP will pay

the Falkners, collectively, in an amount capped at $5,000,000 in the aggregate across any payments made at any point in time to the Falkners pursuant to this Earnout Right (the "Cap"), 15% of any net proceeds distributed to members of IMP or the InnoMeds from such Triggering Event(s), after the Floor has been met.

b. The Floor is defined as repayment of all capital amounts invested or contributed by any investor, member, or owner of IMP and/or the InnoMeds (or any successor(s) thereof), plus an additional return of 10% annually.

c. Notwithstanding the Earnout Right, the Falkners shall have no rights of any kind to compel IMP or the InnoMeds to take any action whatsoever, including (without limitation) to cause a Triggering Event to occur, to sell IMP or the InnoMeds, to sell the Existing Intellectual Property, to otherwise commercialize the Existing Intellectual Property, or to make any distributions to members of IMP or the InnoMeds.

4) Peter Falkner has already provisionally resigned as manager of IMP and the Falkners will permanently relinquish all control of IMP or the InnoMeds, including submission of letters of resignation as officers and managers or as holders of any other position with IMP, and the extinguishment of any authorized signatory rights for IMP;

5) The Falkners will take all necessary steps to complete assignment to IMP or the InnoMeds, to transfer ownership to IMP or the InnoMeds:(a) any patents issued or applied for related in any way to IMP or the InnoMeds or (b) any intellectual

property of any kind and character in the fertility space, developed, in whole or part, by the Falkners since IMP's inception, completely relinquishing any and all rights of any kind and character thereto;

6) At the same time the D&O Carrier makes the payment of $600,000 specified in paragraph 1 above, IMP will cause $50,000.00 to be paid in satisfaction of the outstanding retention under the D&O policy affording a defense to the Falkners;

7) The Falkners agree to take all necessary steps to identify and/or terminate and/or make null or void any affiliated party transactions, including any prior agreements, loans or promissory notes, with no further obligations owed by IMP or the InnoMeds, any contracts between themselves, or any entity they control, including Synergy Management & Co., LLC, for payments owed by IMP or the InnoMeds, for consulting service contracts or research and development contracts, including the Consulting Services Contracts entered into between Synergy and InnoMeds One and Five in 2020 and the Research and Development Contracts entered into between Peter Falkner and InnoMeds One and Five in 2020. Between the filing of the Stipulation and the Final Settlement Date as contemplated herein the Falkners agree not to attempt to bind IMP or the InnoMeds or to engage in any activities by which either of them could be construed to have apparent authority for IMP or the InnoMeds;

8) For a period of 2 years, the Falkners agree not to compete in the fertility space that competes with any of the patents currently owned by IMP or the InnoMeds;

9) The Falkners will be indemnified by IMP, the InnoMeds (or any successor(s)) for any claims brought by the vendors of IMP or the InnoMeds to collect debts

37

owed by IMP or the InnoMeds. The Falkners will be indemnified by IMP or the InnoMeds (or any successor(s)) in the event the Falkners are sued as a result of any claims or suits initiated by the Plessala Plaintiffs or the Investor Plaintiffs against Crow Shields Baily, Intellectual Property Consulting, LLC, or any other IMP or InnoMeds vendor. The Falkners are not indemnified for any personal debts owed by them to the vendors;

10) The Falkners will resign as Managers and terminate all affiliations with IMP, InnoMed One, LLC or InnoMed, Five, LLC;

In consideration for the above-described Settlement, and if this Settlement becomes Final:

(a) the Plaintiffs, IMP, the InnoMeds and each Class II or Class III Members in InnoMed One, LLC and InnoMed Five, LLC shall be deemed to be bound to and have fully, finally, and forever released, relinquished, and discharged all Defendants and Released Parties (as defined below) from any and all past, present, and future Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, in whole or in part: (i) any of the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (ii) the Released Conduct (as defined below), or (iii) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP or the InnoMeds. Notwithstanding any other language in the Stipulation, IMP, the InnoMeds, each Member of IMP, and each Class II and Class III Members in InnoMed One, LLC and/or InnoMed Five, LLC releases all Claims or Causes of Action of any kind whatsoever and in all capacities in connection with the allegations, facts, subjects, or issues that were or could have been set forth or

raised in the Litigation by the Plaintiffs against the Released Parties, concerning the Released Conduct.

(b) With respect to any unknown claims against the Released Parties, Plaintiffs, IMP, the InnoMeds and each Class II or Class III Members in any of the InnoMeds shall be deemed and bound to have expressly waived, and by operation of a final judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. IMP, the InnoMeds, each Member of IMP and each Class II or Class III Members of the InnoMeds, may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the release described above, but each shall expressly, fully, finally, and forever settle and release any and all such Unknown Claims in this release, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(c) Plaintiffs, IMP, the InnoMeds, each Class II and Class III Members in InnoMed One, LLC, and InnoMed Five, LLC will be deemed and bound to have dismissed with prejudice the Defendants from the Litigation.

(d) Plaintiffs, IMP, the InnoMeds, each Class II or Class III Members in InnoMed One, LLC, and InnoMed Five, LLC will be deemed and bound to have agreed and covenanted not to file, continue, or pursue any Claim or Cause of Action of any kind whatsoever (including any

Unknown Claims) against Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, or any other Released Parties that are based upon or related to, directly or indirectly, in whole or in part: (i) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (ii) the Released Conduct, or (iii) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP or the InnoMeds.

(e) Plaintiffs, IMP, the InnoMeds, each Class II or Class III Members in InnoMed One, LLC, InnoMed II, LLC and InnoMed Five, LLC will be deemed and bound to be forever barred and enjoined from commencing, instituting, joining in, continuing, or prosecuting any claims against Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, or any other Released Parties from any and all past, present, or future Claims or Causes of Action (including Unknown Claims) that are based upon or related to, directly or indirectly, in whole or in part: (i) the allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (ii) the Released Conduct or (iii) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP or the InnoMeds prior to the Final Settlement Date.

(g)    IMP, the InnoMeds, and the Class II or Class III Members in InnoMed One, LLC or InnoMed Five, LLC shall not have any claim against the Plaintiffs, Plaintiffs' counsel, Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Innovative Medicine Partners, LLC, Defendants' counsel, or any other Released Parties, or any other agent designated by them, directly or derivatively, based on remedies made substantially in accordance with the terms and conditions of this Settlement.

"**IMP**" means Innovative Medicine Partners, LLC, an Alabama limited liability company, and its current and former members, directors, officers, employees, representatives, attorneys, and agents.

"**InnoMeds**" means the following Alabama limited liability companies and their current and former directors, officers, employees, representatives, attorneys, and agents: InnoMed One, LLC; InnoMed Five, LLC; InnoMed Seven, LLC; and InnoMed Eight, LLC.

"**Member of IMP and/or the InnoMeds**" means all persons, including individuals or entities who were members of record or held an investment interest in IMP and/or the Class II or Class III Members in InnoMed One, LLC or InnoMed Five, LLC as of the date of the execution of the Stipulation between Plaintiffs and Defendants. In the event that a Member of IMP and/or the InnoMeds has died, or expressly designated anyone having any interest of any nature in Member of IMP or the InnoMeds, "Member of IMP and/or the InnoMeds" shall also mean beneficiaries and anyone having any specifically designated interest of any nature in IMP or the InnoMeds.

"**Released Party**" or "**Released Parties**" refers to Peter Falkner, Carla Falkner, Kirby Plessala, Deneen Plessala, Synergy Management & Co., LLC, and Innovative Medicine Partners, LLC, as defined herein, and any other past, present, or future Directors, Officers, Managers of Synergy Management & Co., LLC, IMP, and/or the InnoMeds, and the Investor Plaintiffs. Notwithstanding any other provision of or definition in this agreement, the term "Released Party" shall not include Crow Shields Bailey, PC; Intellectual Property Consulting, LLC; or any of their current or former employees, partners, contractors, members, officers or agents.

"**Released Conduct**" means each and every act, omission, representation, or other statement or conduct by any or all Defendants, or any other Released Parties in connection with

and/or relating to the management decisions and management conduct of IMP or the InnoMeds; selling securities in IMP or the InnoMeds; raising capital for IMP or the InnoMeds; or filing, registering, or maintaining intellectual property on behalf of IMP or the InnoMeds on or before the Final Settlement Date.

## THE RIGHTS OF MEMBERS OF IMP, THE INNOMEDS AND INVESTORS IN THE INNOMEDS

The Court has preliminarily approved the notice to Members of IMP, the Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC for settlement purposes only and has set a hearing during which to determine whether to approve the Settlement of the derivative and class claims against the Defendants in this Litigation. Members of IMP will be represented by the Plaintiffs Kirby and Deneen Plessala and their Counsel. Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC or the InnoMeds will be represented by the Investors' Class Settlement Counsel unless you enter an appearance through counsel of your own choice, at your own expense. Each Member of IMP, and the Class II or Class III Members of InnoMed One, LLC and InnoMed Five, LLC shall be deemed to have submitted to the jurisdiction of the Circuit Court of Mobile County, Alabama with respect to his, her, or its claim.

## OBJECTIONS

If you are a Member of IMP, a Member of the InnoMeds, or an investor in the InnoMeds, you may object to the Settlement. Any Member of IMP, and any Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC who intends to object must file with the Court a signed Notice of Intention to Appear and Object during the Notice Period that includes (i) his/her/its name, personal signature, and address; (ii) all arguments, citations, and evidence supporting the objection; and (iii) a statement that he/she/it is a Member of IMP, or Class II or Class III Member of InnoMed One, LLC or InnoMed Five, LLC. An objector must also provide a statement whether

he/she/it intends to appear at the Settlement Hearing, either with or without counsel, whether in-person or by telephone. A copy of such Notice of Intention to Appear and Object must also be timely sent to Investors' Class Settlement Counsel c/o Lauren A. Warner, Chilivis Grubman, LLP, 1834 Independence Square, Atlanta, Georgia 30338 and Zachary A. Madonia, Bradley Arant Boult Cummings LLP, 1819 Fifth Avenue North, Birmingham, AL 35203, and Defendants' counsel c/o Mickey B. Wright, Lloyd, Gray, Whitehead & Monroe, P.C., 880 Montclair Road, Suite 100, Birmingham, Alabama 35213. **The Notice of Intent to Appear and Object must be provided by January 5, 2024**. Any Member of IMP, and any Class II or Class III Members of InnoMed One, LLC and InnoMed Five, LLC who timely and properly provides Notice of Intent to Object to the Settlement and to appear at the hearing may do so in person or by telephone. Such objectors shall receive separate mailing instructions for calling into the hearing.

ANY MEMBER OF IMP, AND ANY CLASS II OR CLASS III MEMBER OF INNOMED ONE, LLC OR INNOMED FIVE, LLC WHO FAILS TO TIMELY FILE A SIGNED WRITTEN OBJECTION AND NOTICE OF INTENTION TO APPEAR AND OBJECT BEFORE THE NOTICE PERIOD ENDS SHALL NOT BE PERMITTED TO OBJECT TO THE SETTLEMENT AT THE SETTLEMENT HEARING AND SHALL BE FORECLOSED FROM SEEKING ANY REVIEW OF THE SETTLEMENT BY APPEAL OR OTHER MEANS.

### SETTLEMENT HEARING

At the Settlement Hearing, the Court will determine whether to finally approve this Settlement and dismiss the claims against the Defendants in this Litigation. The Court reserves the right to approve the Settlement, with such modifications as may be agreed to by counsel for the parties to the Settlement consistent with such Settlement, without further notice to anyone. The Settlement Hearing may be adjourned from time to time by the Court, by announcement at the Settlement Hearing or at any adjournment thereof, without further written notice.

At the Settlement Hearing, any Member of IMP, and any Class II or Class III Member of InnoMed One, LLC or InnoMed Five, LLC who has properly and timely filed a Notice of Intention to Appear and Object, may appear in person or through an attorney and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement and proposed judgment or the remedies contemplated by the Settlement.

## FURTHER INFORMATION

For a more detailed statement of the matters involved in the Litigation, you may refer to the pleadings, the Stipulation, Court orders, and other papers filed in the Litigation, which may be inspected at the Office of the Clerk of the Circuit Court for Mobile County, Alabama, 205 Government Plaza, Suite 913, Mobile, Alabama 36644, during regular business hours.

ALL INQUIRIES CONCERNING THIS NOTICE BY ANY MEMBER OF IMP OR THE INNOMEDS OR ANY INVESTOR IN THE INNOMEDS SHOULD BE MADE TO THE PLAINTIFFS' COUNSEL IN WRITING.  NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.

  Dated:


_____
CLERK OF THE COURT

4546025_1

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **KIRBY PLESSALA, and**<br>**DENEEN PLESSALA, individually and**<br>**derivatively on behalf of INNOVATIVE**<br>**MEDICINE PARTNERS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**SYNERGY MANAGEMENT & CO.,**<br>**LLC, and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>**Defendants.** | **CIVIL ACTION NO: 2022-901579** |
| **BENJAMIN MURPHY, WILLIAM**<br>**DULL, LINDSAY BLANKENSHIP,**<br>**ALEXANDER BLANKENSHIP, GAIL**<br>**WILSON, LOUIE WILSON, individually**<br>**and derivatively on behalf of INNOMED**<br>**ONE, LLC, and INNOMED FIVE, LLC,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>    **Defendants.** | **CIVIL ACTION NO: CV-2022-901720** |

## EXHIBIT B

4546025_1

## [PROPOSED] FINAL ORDER AND JUDGMENT

On this 12th day of January, 2024, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement ("Stipulation") filed on November 8, 2023 in this Litigation are fair, reasonable, and adequate for the settlement of all Claims and Causes of Action asserted by Plaintiffs against the Defendants in the Litigation; (2) whether the Stipulation, including the release of the Defendants in the Litigation, should be approved; (3) whether judgment should be entered dismissing the Defendants with prejudice; and (4) whether the remedies agreed upon are fair and reasonable and should be approved; and the Court having considered all matters submitted to it at the hearing and otherwise,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

The Court adopts all defined terms as set forth in the Stipulation of Settlement for purposes of this Judgment.

A.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, the Members of IMP, the InnoMeds, the Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC and the Defendants.

B.      The Court finds that distribution of the Settlement Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances,  that the Settlement Notice provided full and accurate information concerning the proposed Settlement, the actions that are and will be involved in the Settlement, and further provided due and adequate notice of the proceedings regarding the Settlement; and that the Settlement Notice otherwise fully met the requirements of Rules 23.1 and 23(e) of the *Alabama Rules of Civil Procedure*, due process, the Constitutions of the United States and the State of Alabama, and other applicable law.

C.    The Settlement of the Litigation as set forth in the Stipulation is approved in all respects as fair, reasonable, and adequate and in the best interests of IMP, the InnoMeds, The Class, and the Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC. The Court has reviewed all written objections filed and has heard any objections from any objector who appeared in Court and finds that the objections filed fail to establish that the settlement is not fair and reasonable or that the settlement is not in the best interests of the Plaintiffs.  [Alternatively, *The Court notes that no written objections were filed, that no objector appeared before the Court at the final approval hearing*, *and thus, there is no evidence establishing that the settlement is not fair and reasonable or that the settlement is not in the best interests of the Plaintiffs.*]  Accordingly, the parties are directed to consummate and perform the Stipulation of Settlement in accordance with all applicable terms and provisions.

D.    Plaintiffs' claims against the Defendants are hereby dismissed with prejudice in accordance with Rules 23.1 and 23(e), *Alabama Rules of Civil Procedure*.

E.    The necessary conditions and obligations set out in the Stipulation have occurred.

F.    The Stipulation of Settlement, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)    offered or received against the Defendants or any Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants or any Released Parties of the truth of any fact alleged by the Plaintiffs, any Member of IMP, the InnoMeds, and any Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC, or any other persons, or to the validity of any claim that has been or could have been asserted in the Litigation or the deficiency of any defense that has been

or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing

of the Defendants or any Released Parties;

(b)    offered or received against the Defendants or any Released Parties as

evidence of a presumption, concession, admission of any liability, duty, breach of a duty,

misrepresentation, or omission with respect to any statement or written document approved or

made by the Defendants or any Released Party, or against the Plaintiffs as evidence of any infirmity

in the claims of the Plaintiffs;

(c)    offered or received against the Defendants or any Released Parties as

evidence of a presumption, concession, or admission of any liability, duty, breach of a duty,

misrepresentation, or omission in any other civil, criminal, or administrative action or proceeding;

and

(d)    construed against the Defendants or any Released Parties or the Plaintiffs,

as an admission or concession that the consideration to be given hereunder represents the amount

which could be or would have been recovered after trial.

G.    When this Settlement becomes Final, the Plaintiffs, IMP, InnoMed One, LLC,

InnoMed Five, LLC, each of the Members of IMP, and each of the Class II or Class III Members

of InnoMed One, LLC or InnoMed Five, LLC shall be deemed and bound to have fully, finally,

and forever released, relinquished, and discharged Peter Falkner, Carla Falkner, Synergy

Management & Co., LLC, IMP, the InnoMeds, and all the other Released Parties from any and all

past, present, and future Claims or Causes of Action of any kind or nature whatsoever (including

Unknown Claims), as well as any and all other claims or causes of action that are based upon or

related to, directly or indirectly, on (a) any of the allegations, facts, subjects, or issues that were or

could have been set forth or raised in the Litigation by the Plaintiffs against the Released Parties,

(b) the Released Conduct, or (c) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP and the InnoMeds. Notwithstanding any other language in the Stipulation, Members of IMP, Class II or Class III Members of InnoMed One, LLC and InnoMed Five, LLC, the InnoMeds themselves release with the Stipulation all Claims or Causes of Action in their individual capacity and in connection with their status as Members of IMP or Members in the InnoMeds against the Defendants or any Released Parties occurring or accruing before the execution of this Stipulation.

H.      With respect to any Unknown Claims (as defined in the Settlement) against the Defendants and any Released Parties, when this Settlement becomes Final, the Plaintiffs, IMP, InnoMed One, LLC, InnoMed Five, LLC, and each Class II or Class III Members in InnoMed One, LLC or InnoMed Five, LLC shall be deemed and bound to have expressly waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Plaintiffs, IMP, InnoMed One, LLC, InnoMed Five, LLC, and any Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the release described above, but the Plaintiffs, IMP, InnoMed One, LLC, InnoMed Five, LLC, and any Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC shall expressly, fully, finally, and forever settle and release any and all such Claims in this release, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing

or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

I.      When this Settlement becomes Final, the Plaintiffs, IMP, InnoMed One, LLC, InnoMed Five, LLC, and any Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC will be deemed and bound to have agreed and covenanted not to file, continue, or pursue any Claim or Cause of Action against Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, IMP, or the InnoMeds, or any Released Parties that are based upon or related to, directly or indirectly, in whole or in part:  (a) The allegations, facts, subjects, or issues that were or could have been set forth or raised in the Litigation against the Released Parties, (b) the Released Conduct, or (c) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP and the InnoMeds.

J.      When this settlement becomes Final, the Plaintiffs, IMP, InnoMed One, LLC, InnoMed Five, LLC, and any Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC   shall be forever barred and enjoined from commencing, instituting, joining in, continuing, or prosecuting against Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Innovative Medicine Partners, LLC, the InnoMeds or any of Released Parties, any Claims of Causes of Action (including Unknown Claims, derivative claims, class action claims, and individual claims) that are based upon or related to, directly or indirectly, in whole or in part, (a) the allegations, facts, subjects, or issues set forth or raised in the Litigation by the Plaintiffs against the Released Parties, (b) the Released Conduct, or (c) any management decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds,

50

whether individually or on behalf of IMP and the InnoMeds. No Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC, IMP or the InnoMeds shall have any Claims or Causes of Action against the Plaintiffs, Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, Innovative Medicine Partners, LLC, the InnoMeds, Plaintiffs' counsel, Defendants' Counsel, or any of the Released Parties based on actions substantially in accordance with the Stipulation or any order related to this Settlement.

 K. The Court finds that the parties have heretofore acted in accordance with the Stipulation and Order Preliminarily Approving Settlement; that the Notice provided to The Class meets the requirements of Rules 23.1, 23(e) and due process; and that Plaintiffs and their counsel have met all fiduciary duties in their derivative, direct and class representation of the Plaintiffs.

 L. Separate and apart from the relief Plaintiffs have obtained for Members of The Class, Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC, the Released Parties and IMP have agreed to terms of a General Release and Settlement Agreement that provide for an exchange of all of the Falkners' interest in IMP, in any intellectual property create in connection therewith, and their forfeiture of management control of IMP for a cash payment by IMP to the Falkners. The Court hereby finds, following a hearing on the fairness of the proposed exchange referenced in this paragraph (the "Exchange"), that the terms and conditions of the Exchange are fair and reasonable under the circumstances. No brokerage, underwriting or similar commissions were paid for the solicitation of the Exchange.

 M. The parties are to bear their own costs, except as otherwise provided in the Stipulation of Settlement.

 N. In the event that the Settlement fails to become Final in accordance with its terms, then without motion or further action of this Court, this Judgment shall be rendered null and void

to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, <u>nunc pro tunc</u>, to the extent provided by and in accordance with the Stipulation.  In such event, and without motion or further action of this Court, the findings herein shall also be null and void, and the parties shall be restored to their respective positions in the Litigation before any settlement agreements were reached.  In such event, the terms and provisions of this Judgment and the Stipulation shall have no further force and effect with respect to the parties and shall not be used in this Litigation or in any other proceeding for any purpose, and this Judgment, the Notice Order, and the Stipulation shall be treated as vacated, <u>nunc pro tunc</u>.

O.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Judgment, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation of Settlement.

Dated:  January 12, 2024

_____
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **KIRBY PLESSALA, and**<br>**DENEEN PLESSALA, individually and**<br>**derivatively on behalf of INNOVATIVE**<br>**MEDICINE PARTNERS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**SYNERGY MANAGEMENT & CO.,**<br>**LLC, and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>**Defendants.** | **CIVIL ACTION NO: 2022-901579** |
| **BENJAMIN MURPHY, WILLIAM**<br>**DULL, LINDSAY BLANKENSHIP,**<br>**ALEXANDER BLANKENSHIP, GAIL**<br>**WILSON, LOUIE WILSON, individually**<br>**and derivatively on behalf of INNOMED**<br>**ONE, LLC, and INNOMED FIVE, LLC,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**PETER FALKNER, CARLA FALKNER,**<br>**and INNOVATIVE MEDICINE**<br>**PARTNERS, LLC,**<br><br>    **Defendants.** | **CIVIL ACTION NO: CV-2022-901720** |

## EXHIBIT C

**ORDER REGARDING PRELIMINARY APPROVAL AND NOTICE**

The Plaintiffs, and Peter Falkner, Carla Falkner, Synergy Management & Co., LLC, and Innovative Medicine Partners, LLC, (collectively, the "Defendants") to the above-captioned litigation (the "Litigation") have entered into a Stipulation of Settlement (the "Stipulation") subject to review under Rules 23.1 and 23(e) of the *Alabama Rules of Civil Procedure* and which, together with the exhibits to the Stipulation, sets forth the terms and conditions for the proposed settlement of the derivative and class claims alleged in the Litigation against the Defendants, and a dismissal of the Litigation with prejudice. The Court having read and considered the Stipulation and the accompanying documents, and having set a hearing to consider preliminary approval on November 17, 2023, and notice of the proposed Settlement, and the parties to the Stipulation having consented to the entry of this Order, HEREBY ORDERS this the 17th Day of November, 2023, that:

The Court adopts all defined terms as set forth in the Stipulation for purposes of this Order regarding preliminary approval and notice.

The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs, the Members of IMP, the InnoMeds, the Class II and Class III investors in the InnoMeds, and the Defendants.

Pursuant to Rules 23.1, 23(a), 23(b)(2), and 23(e) of the *Alabama Rules of Civil Procedure*, and for the purposes of the Settlement only, the Court preliminarily finds, subject to evidence, arguments, or objections at the hearing for final approval as follows:

(a)    The Court hereby preliminarily finds the Plaintiffs Kirby and Dineen Plessala to be appropriate derivative representatives on behalf of IMP based on their status as Members of IMP;

(b)    The Court hereby preliminarily finds Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson to be adequate

representatives to resolve derivative claims on behalf of InnoMed One, LLC and InnoMed Five, LLC.

(c)     The Court hereby preliminarily finds pursuant to Rule 23(a), Plaintiffs Benjamin Murphy, William Dull, Lindsay Blankenship, Alexander Blankenship, Gail Wilson and Louie Wilson also to be adequate representatives to resolve claims on behalf the Class and the Class II or Class III Members of InnoMed One, LLC and InnoMed Five, LLC against the Defendants at the filing of this lawsuit and the Stipulation and their pursuit of the Litigation to be in the best interests of The Class, and Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC for settlement purposes only.

(d)     The Class is defined as all Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC from January 1, 2013, through the present date (the "Class"). Excluded from The Class are Defendants Peter Falkner and Carla Falkner.

(e)     The Court hereby preliminarily finds Plaintiffs' Counsel as adequate derivative and class counsel for settlement purposes only.

(f)     The preliminary decisions in this Order are not final and are subject to further review at the Settlement Fairness Hearing described below.

(g)     The Court preliminarily finds that the prerequisites to a derivative action under Rule 23.1 of the *Alabama Rules of Civil Procedure* have been satisfied for settlement purposes only.

(h)     The Court preliminarily finds that the prerequisites to a class action under Rule 23(a) and 23(b)(2) of the Alabama Rules of Civil Procedure have been satisfied for settlement purposes only.

A final hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on January 12, 2024 at 9:00 am for the following purposes:

to determine whether the proposed Settlement is fair, reasonable, adequate, and in the best interests of The Class, Members of IMP, Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC, IMP, InnoMed One, LLC and InnoMed Five, LLC and is also fair, reasonable, adequate and in the best interests of the Defendants; and on these bases, should be finally approved by the Court, and a final judgment entered substantially in the form of the Judgment;

to determine whether the Judgment as provided under the Stipulation should be entered, the claims filed against the Defendants in the Litigation be dismissed with prejudice, and whether releases should be provided, as set forth in the Stipulation;

to determine whether the parties have, as of such time, carried out the requirements of the Stipulation;

to hear objections to the settlement; and

to rule upon such other matters as the Court may deem appropriate.

The Court reserves (a) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the parties to the Settlement consistent with such Settlement, possibly without further notice; and (b) the right to continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further actual notice to The Class, Members of IMP, Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC.

The Court approves the form, substance, and requirements of Notice of the Settlement. The Court preliminarily concludes that the Notice constitutes the best notice practicable under the

circumstances to The Class, Members of IMP, Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC, IMP, InnoMed One, LLC and InnoMed Five, LLC and that the Notice provides full and accurate information concerning the proposed Settlement and the actions that are involved in the Settlement, and further provides due and adequate notice of the proceedings regarding the Settlement; and that the Notice otherwise fully meets the requirements of Rules 23.1 and 23(e) of the *Alabama Rules of Civil Procedure*, due process under the Constitutions of the United States and the State of Alabama, and any other applicable law.

Plaintiffs' counsel shall cause the Settlement Notice to be mailed, by United States mail, postage prepaid, on or before November 24, 2023, to all Members of IMP and all Class II and Class III Members of InnoMed One, LLC and InnoMed Five, LLC according to the entities' respective corporate books. The Defendants and the Plaintiffs shall cooperate in making their records and information available for the purpose of identifying and giving notice. Plaintiffs' counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Settlement Notice.

Any representative of IMP, Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC or any representative of InnoMed One, LLC or InnoMed Five, LLC may appear and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon. Any representative of IMP, Class II or Class III Members of InnoMed One, LLC or InnoMed Five, LLC or any representative of InnoMed One, LLC or InnoMed Five, LLC who wishes to object to this Settlement must file with the Court a signed Notice of Intention to Appear and Object on or before January 5, 2024. That Notice of Intention to Appear and Object must include (i) his/her/its name, personal signature, and address, (ii) all arguments, citations, and

evidence supporting the objection, (iii) state that he/she/it is a representative of IMP, Class II or

Class III Members of InnoMed One, LLC or InnoMed Five, LLC or any representative of InnoMed

One, LLC or InnoMed Five, LLC, and (iv) provide a statement of whether the objector intends to

appear at the Settlement Hearing, either with or without counsel.  A copy of such Notice of

Intention to Appear and Object must also be sent to Plaintiffs' counsel and Defendants' counsel at

the following addresses:  LAUREN A. WARNER, CHILIVIS GRUBMAN, LLP, 1834

Independence Square, Atlanta, GA 30338; ZACHARY A. MADONIA, BRADLEY ARANT

BOULT CUMMINGS LLP, 1819 Fifth Avenue North, Birmingham, AL 35203; MICKEY B.

WRIGHT, LLOYD, GRAY, WHITEHEAD & MONROE, P.C., 880 Montclair Road, Suite 100,

Birmingham, Alabama  35213.  Objections must be post-marked on or before January 5, 2024.

Any representative of IMP, Class II or Class III Members of InnoMed One, LLC or InnoMed Five,

LLC or any representative of InnoMed One, LLC or InnoMed Five, LLC who fails to timely file

a signed written objection and Notice of Intention to Appear and Object as detailed in the

Settlement Notice, shall not be permitted to object to the Stipulation at the Settlement Hearing,

and shall be foreclosed from seeking any review of the Stipulation by appeal or other means.

Until the Settlement Fairness Hearing is held, the Plaintiffs, Members of IMP, Class II or

Class III Members of InnoMed One, LLC or InnoMed Five, LLC are barred and enjoined from

commencing, instituting, joining in, continuing, or prosecuting against Peter Falkner, Carla

Falkner, Synergy Management & Co., LLC, IMP, the InnoMeds, and any other Released Parties,

any Claims or Causes of Action that are based upon or related to, directly or indirectly, in whole

or in part, (a) the allegations, facts, subjects, or issues set forth or raised in the Litigation by the

Plaintiffs against the Released Parties, (b) the Released Conduct, or (c) any management

decisions or actions taken by the Falkners or any other directors, officers, or other managers of IMP or any InnoMeds, whether individually or on behalf of IMP and the InnoMeds.

This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)    offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants or any Released Parties of the truth of any fact alleged by the Plaintiffs, any Member of IMP, the InnoMeds, any investor in the InnoMeds or any other persons, or to the validity of any claim that has been or could have been asserted in the Litigation or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants or any Released Parties;

(b)    offered or received against the Defendants or any Released Parties as evidence of a presumption, concession, admission of any liability, duty, breach of a duty, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants or any Released Party, or against the Plaintiffs as evidence of any infirmity in the claims of the Plaintiffs;

(c)    offered or received against the Defendants or any Released Parties as evidence of a presumption, concession, or admission of any liability, duty, breach of a duty, misrepresentation, or omission in any other civil, criminal, or administrative action or proceeding; and

(d)    construed against the Defendants or any Released Parties or the Plaintiffs, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial. This Order, the Stipulation of Settlement,

59

and any negotiations, discussions, or proceedings in connection therewith shall not be any concession or admission of any fact, claim, liability, negligence, fault, damage, loss, or wrongdoing by the Defendants or any Released Party.

Counsel is hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Stipulation, including making, without further approval of the Court, minor changes to the form or content of the Notices, and other exhibits that they jointly agree are reasonable or necessary.

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

Dated: <u>November 10</u>, 2023

_____
CIRCUIT JUDGE

4546025_1