IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PETER FALKNER and CARLA FALKNER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. 25-00090-KD-MU ) |
| OVUM MEDICAL, LLC, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

This action is before the Court on *sua sponte* review regarding Defendant Avona Fertility, Inc.

On February 3, 2025, Plaintiffs Peter Falkner and Carla Falkner filed a Second Amended Complaint in the Circuit Court of Mobile County, Alabama (doc. 1-2). They allege breach of contract (Settlement Agreement) and tortious interference with contractual relations resulting from the use of patents for medical devices and/or medical procedures to increase fertility.

On March 5, 2025, Defendants Plessala Gynecology & Fertility, PLLC, and InnoMed Seven, LLC removed this action (doc. 1). Defendants Ovum Medical LLC, Alice Crisci, Ovum Health, Inc., Medanswers, Inc., Deneen Plessala, Innovative Medicine Partners, LLC, Kirby Plessala consented to the removal (docs. 4, 5). These Defendants have appeared and filed dispositive motions. Defendant Avona did not consent to the removal and has not answered or otherwise appeared in this action.

Review of the copy of the state court docket indicates that Avona was added as a Defendant in the Second Amended Complaint filed February 3, 2025. Service of the summons and complaint by certified mail issued that same date (doc. 1-1, pp. 11, 131). However, the state court docket does not contain a clearly designated return of service for Avona.

Rule 81(c) of the Federal Rules of Civil Procedure states that the federal rules "apply to a civil action after it is removed from a state court." Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

For purposes of removed actions, the 90-day period runs from the date of removal. Williams v. City of Miami Beach, No. 24-CV-24003, 2025 WL 870000, at *2, n.3 (S.D. Fla. Mar. 20, 2025) ("The removal statute allows 'new process' in the removed case to be 'issued in the same manner as in cases originally filed in such district court.' 28 U.S.C. § 1448. Construing the statute, '[c]ourts have consistently held that the 90-day [Rule 4(m)] period runs from the date of removal, not the date the plaintiff filed the petition in state court.'") (quoting Taylor v. Clark Equip. Co., 2022 WL 1640372, at *6 (E.D. Mo. May 24, 2022) (collecting cases)). Additionally, S.D. Ala. Civ. LR, Rule 41(a) explains that "[w]henever the Plaintiff has not completed service of process within the time required by Fed. R. Civ. P. 4(m), . . . the Court upon notice may dismiss the action in accordance with Fed. R. Civ. P. 4(m)."

The 90-day period ended June 3, 2025. This Court's docket does not contain a return of service for Avona. Accordingly, this Order shall serve as notice to the Falkners that the Court intends to dismiss this action without prejudice as to Avona, unless the Falkners, on or before **November 5, 2025,** file proof of service as to Avona, or show good cause for their failure to serve Avona such that the Court must grant an extension.

**DONE** and **ORDERED** this 16th day of October 2025.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**